Derbigny, J.
delivered the opinion of the court. The appellant is sued as having made himself answerable for a sum of money which the appellees advanced at his request to one captain Andrew M'Leary, upon some drafts which have returned protested. The letter, which he wrote to them on that occasion, is exhibited; and, from its tenor, we are to deduce whether it contains a mere recommendation, or a mandatum pecuniæ credenda. The doctrine contended for by the appellant, that a mere recommendation, advising one to trust another, however strong the language in which it is delivered, provided it be given bona fide, creates no obligation on the part of the recommender, cannot be controverted. Consilii non fraudulenti nulla obligatio is one of those maxims which are respected every where. The difficulty, in cases of this nature, is to discriminate between that which is a mere advice, and that If *415 which may be considered as containing a man date. “To the end of ascertaining,” says the Repertoire de Jurisprudence, v. Mandat, "if a contract of mandate has intervened between the parties, or if nothing more than a mere advice has been given, the expressions which they have used must be scrupulously weighed.” Has the appellant merely advised the appellees to lend money to M‘Leary, or has he requested them to do so? It must be premised that M'Leary was unknown to the appellees, and was introduced to their acquaintance by the letter here alluded to. The appellant, after that introduction, says, “captain M‘Leary, being unacqainted at New-Orleans, will be indebted to your politeness in affording him such assistance as his present situation requires; and a bill on his father for the funds he may need for his present necessities will be honored forthwith.” We think that these expressions import more than a mere recommendation and advice; that they contain an application for money in behalf of M‘Leary, and made this precisely such a case as is laid down in Domat, 1, 15, & 1, art. 13. “If a person engages one in some loss that may be imputed to him, as if he should persuade one to lend money to an unknown person, to whom one lends barely on the assurance, which *416 he gives, that the money will be faithfully repaid, he shall be bound to make it good."
*415 East'n District.
March, 1818.
Grymes for the plaintiffs, Dick for the defendant.
Finding enough in the letter to support the appellees' claim, we deem it unnecessary to go into the question concerning the admissibility of the oral evidence produced on their part.
It has been suggested that, should the defendant be found answerab1e for the funds advanced in consequence of his request, that responsibility ought to be limited to the money necessary to supply the then present necessities of M'Leary, according to the tenor of the letter, and that the sum of four hundred dollars is evidently more than he could want. There is, however, no evidence from which we may draw any such conclusion.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.